**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| THE VLADIMIR GUSINSKY REV. TRUST, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CALATLANTIC GROUP, INC., SCOTT D. STOWELL, WILLIAM L. JEWS, LARRY T. NICHOLSON, BRUCE A. CHOATE, DOUGLAS C. JACOBS, DAVID J. MATLIN, ROBERT E. MELLOR, NORMAN J. METCALFE, PETER SCHOELS, and CHARLOTTE ST. MARTIN, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by its undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to itself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on October 30, 2017 (the "Proposed Transaction"), pursuant to which CalAtlantic Group, Inc. ("CalAtlantic" or the "Company") will be acquired by Lennar Corporation ("Parent") and Cheetah Cub Group Corp. ("Merger Sub," and together with Parent, "Lennar").

2.      On October 29, 2017, CalAtlantic's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Lennar.  Pursuant to the terms of the Merger Agreement,

shareholders of CalAtlantic will receive 0.885 shares of Class A common stock of Lennar or $48.26 in cash for each share of CalAtlantic stock they own.

3.      On November 22, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CalAtlantic common stock.

9.      Defendant CalAtlantic is a Delaware corporation and maintains its principal executive offices at 1100 Wilson Boulevard, #2100, Arlington, Virginia 22209.  CalAtlantic's

2

common stock is traded on the NYSE under the ticker symbol "CAA."

10.     Defendant Scott D. Stowell ("Stowell") is the Executive Chairman of the Board of CalAtlantic.

11.     Defendant William L. Jews ("Jews") is a director of CalAtlantic.

12.     Defendant Larry T. Nicholson ("Nicholson") is a director, President, and Chief Executive Officer ("CEO") of CalAtlantic.

13.     Defendant Bruce A. Choate ("Choate") is a director of CalAtlantic.

14.     Defendant Douglas C. Jacobs ("Jacobs") is a director of CalAtlantic.

15.     Defendant David J. Matlin ("Matlin") is a director of CalAtlantic.

16.     Defendant Robert E. Mellor ("Mellor") is a director of CalAtlantic.

17.     Defendant Norman J. Metcalfe ("Metcalfe") is a director of CalAtlantic.

18.     Defendant Peter Schoels ("Schoels") is a director of CalAtlantic.

19.     Defendant Charlotte St. Martin ("St. Martin") is a director of CalAtlantic.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of itself and the other public stockholders of CalAtlantic (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of October 23, 2017, there were approximately 111,500,000 shares of CalAtlantic common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28.     CalAtlantic is one of the nation's largest homebuilders and offers homes in communities that meet the desires of customers across the homebuilding spectrum, from entry level to luxury, in forty-three Metropolitan Statistical Areas spanning nineteen states.

29.     On October 29, 2017, the Individual Defendants caused the Company to enter into

the Merger Agreement with Lennar.

30.    Pursuant to the terms of the Merger Agreement, shareholders of CalAtlantic will receive 0.885 shares of Class A common stock of Lennar or $48.26 in cash for each share of CalAtlantic stock they own.

31.    On November 22, 2017, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

32.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

33.    First, the Registration Statement omits material information regarding CalAtlantic's financial projections and the financial analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

34.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35.    With respect to CalAtlantic's financial projections, the Registration Statement fails to disclose: (i) the line items used to calculate unlevered free cash flows; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

36.    With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Registration Statement fails to disclose:  (i) the line items used to calculate unlevered free cash flows; (ii) the terminal year projections and range of terminal values of each of CalAtlantic and Lennar; (iii)

J.P. Morgan's basis for applying a perpetual growth rate ranging from 0.5% to 1.5%; and (iv) the inputs and assumptions underlying the range of discount rates from 7.75% to 8.75%.

37.    With respect to J.P. Morgan's Public Trading Multiples Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by J.P. Morgan in the analysis.

38.    The Registration Statement also fails to disclose the estimates of synergies expected to result from the Proposed Transaction (referred to as the "Synergies" in the Registration Statement).

39.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background to the Merger; (ii) CalAtlantic Board Recommendation and Its Reasons for the Merger; (iii) Opinion of CalAtlantic's Financial Advisor; and (iv) Unaudited Prospective Financial Information.

40.    Second, the Registration Statement omits material information regarding potential conflicts of interest of J.P. Morgan.

41.    The Registration Statement fails to disclose the estimated amount of the "additional incentive fee" that may be payable to J.P. Morgan, as well as the circumstances under which such fee may be payable.

42.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background to the Merger; (ii) CalAtlantic Board Recommendation and Its Reasons for the

Merger; and (iii) Opinion of CalAtlantic's Financial Advisor.

44.     Third, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

45.     Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of CalAtlantic's officers and directors, as well as all communications regarding retention agreements, including who participated in all such communications.

46.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

47.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) Background to the Merger; (ii) CalAtlantic Board Recommendation and Its Reasons for the Merger; and (iii) Interests of CalAtlantic Directors and Executive Officers in the Merger.

48.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to CalAtlantic's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and CalAtlantic**

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and

Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  CalAtlantic is liable as the issuer of these statements.

51.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54.    The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

55.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56.    Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

57.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants acted as controlling persons of CalAtlantic within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of CalAtlantic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Registration Statement.

61.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

62.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a

direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 7, 2017                    **MEYERGOERGEN PC**

                                    By:  *Scott A. Simmons*
                                         _____
                                         Scott A. Simmons
                                         Christopher J. HabenichtEmail:
                                         1802 Bayberry Court, Suite 200
                                         Richmond, VA 23226
                                         T: (804) 288-3600
                                         F: (804) 565-1231
                                         Emails: simmons@mg-law.com
                                                  habenicht@mg-law.com
                                         *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
T: (302) 295-5310
F: (302) 654-7530
Emails: bdl@rl-legal.com
        gms@rl-legal.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
T: (484) 324-6800
F: (484) 631-1305
Email: rmaniskas@rmclasslaw.com